TODD BRAUN, Plaintiff v. TRUST DEVELOPMENT GROUP, LLC, and PURSUIT DEVELOPMENT GROUP TWO, LLC, Defendants

No. COA10-1479

(Filed 19 July 2011)

**1. Appeal and Error— interlocutory orders and appeals—disqualification of counsel**

Although an order granting a motion to disqualify counsel was interlocutory, it affected a substantial right and was addressed on appeal.

**2. Attorneys— motion to disqualify—necessary witnesses**

The trial court did not abuse its discretion by granting defendants' motion to disqualify plaintiff's attorneys where those attorneys were necessary witnesses on a contested issue.

Appeal by plaintiff from order entered 18 August 2010 by Judge Calvin E. Murphy in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 April 2011.

*Bray & Long, PLLC, by William P. Bray and Jeffrey A. Long, for plaintiff-appellant.*

*Smith Parsons, PLLC, by Steven L. Smith, for defendants-appellees.*

HUNTER, Robert C., Judge.

Todd Braun ("plaintiff") appeals from the trial court's 18 August 2010 order disqualifying plaintiff's counsel. After careful review, we affirm.

## Background

On 3 September 2008, plaintiff entered into two contractual agreements with defendant Trust Development Group, LLC ("Trust")—a residential lease agreement and a purchase agreement. Pursuant to the terms of these agreements, plaintiff was to rent a condominium owned by Trust in Charlotte, North Carolina and then purchase the condominium within 18 months. Plaintiff provided a $140,000.00 deposit upon execution of the purchase agreement.

BRAUN v. TRUST DEV. GRP., LLC

[213 N.C. App. 606 (2011)]

On 9 November 2009, plaintiff, through his attorneys at the Bray Law Firm, sent a letter to James M. Donnelly at Trust, stating that plaintiff no longer intended to purchase the condominium due to Trust's alleged breach of the lease and purchase agreements. Specifically, plaintiff claimed that Trust had not completed some areas of the condominium as it previously agreed to do, such as the rooftop terrace. Plaintiff requested that his rent be reduced and that Trust return his deposit, which it refused to do.

On 18 December 2009, plaintiff filed a complaint against Trust alleging, *inter alia*, breach of the lease and purchase agreements. Plaintiff sought return of the $140,000.00 deposit. On 26 January 2010, plaintiff amended his complaint and added defendant Pursuit Development Group Two, LLC ("Pursuit Development") who purchased Trust's interest in the condominium.[1] On 1 February 2010, defendants filed an answer and counterclaim alleging, *inter alia*, that plaintiff had damaged the condominium and breached the lease agreement by failing to pay his rent, utilities, and pro rata share of the real estate taxes on the condominium. Defendants further alleged that plaintiff's "default under the Lease is deemed a default under the Purchase Agreement . . . ." Defendants sought specific performance of the purchase agreement.

On 15 March 2010, the parties signed a settlement agreement, which provided that plaintiff would purchase the condominium at the price stated in the purchase agreement by 30 April 2010. Defendants agreed to provide, *inter alia*, architectural plans and construction permits pertaining to the rooftop terrace by 26 April 2010. The settlement agreement provided that it would be deemed null and void if plaintiff failed to purchase the condominium by 30 April 2010 or if defendants failed to provide the documentation related to the rooftop terrace.

After the settlement agreement was signed and prior to 30 April 2010, plaintiff's attorneys, William P. Bray ("Mr. Bray") and Jeffrey A. Long ("Mr. Long"), communicated with defendants' counsel, Jackson N. Steele ("Mr. Steele") and Adam W. Foodman ("Mr. Foodman"), on numerous occasions via telephone and email concerning plaintiff's financing difficulties. Plaintiff's attorneys acknowledged that there was no financing contingency in the settlement agreement and requested an extension of the 30 April 2010 deadline; however, it appears from the record that no agreement was reached prior to 30 April 2010.

---

1. Trust and Pursuit are collectively referred to as "defendants."

Plaintiff did not close on 30 April 2010, but on that date, Mr. Long sent Mr. Steele a letter stating that defendants had not complied with the settlement agreement because they did not provide plaintiff with the documents pertaining to the rooftop terrace. Plaintiff claimed that this "material breach" rendered the settlement agreement null and void. On 7 June 2010, the trial court, upon consent of the parties, entered an order allowing plaintiff to amend his complaint. On that same day, plaintiff filed an amended complaint stating that defendants had violated the settlement agreement. Plaintiff again sought the return of his $140,000.00 deposit.

On 14 June 2010, defendants filed a consent order for substitution of counsel in which they substituted Steven L. Smith for Mr. Steele. On 25 June 2010, defendants filed an amended answer and counterclaim alleging, *inter alia*, that plaintiff "anticipatorily repudiated" the settlement agreement when his counsel stated that plaintiff "could not finance the closing of the real estate purchase on April 30, 2010," thereby "excusing" defendants of the duty to provide the documents pertaining to the rooftop terrace.

On 1 July 2010, defendants filed a motion to disqualify plaintiff's counsel. Defendants claimed that "[t]he testimony of Jeffrey A. Long and William P. Bray relate to a contested issue of Plaintiff's anticipatory repudiation of the Settlement Agreement" because Mr. Bray and Mr. Long communicated to defendants' attorneys on multiple occasions that plaintiff would be unable to close on the 30 April 2010 deadline. Defendants asserted that they intended to call Mr. Bray and Mr. Long as witnesses at trial. On 18 August 2010, the trial court granted defendants' motion to disqualify plaintiff's counsel, determining that, *inter alia*: (1) "Mr. Bray and Mr. Long are likely to be necessary witnesses to explain their communication and conduct with Mr. Steele and Mr. Foodman[,]" and (2) "Mr. Bray and Mr. Long are likely to be necessary witnesses to lay a foundation for their written and electronic communications with opposing counsel." Plaintiff timely appealed from this order.

## Interlocutory Nature of Appeal

[1] Plaintiff appeals from an interlocutory order of the trial court. Our courts have consistently held " 'that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment.' " *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207,

240 S.E.2d 338, 343 (1978) (quoting *Consumers Power v. Duke Power Co.*, 285 N.C. 434, 437, 206 S.E.2d 178, 181 (1974)). "Essentially a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990).

Our Supreme Court has held that an order granting a motion to disqualify counsel affects a substantial right because it

> has immediate and irreparable consequences for both the dis-qualified attorney and the individual who hired the attorney. The attorney is irreparably deprived of exercising his right to repre-sent a client. The client, likewise, is irreparably deprived of exer-cising the right to be represented by counsel of the client's choice. Neither deprivation can be adequately redressed by a later appeal of a final judgment adverse to the client.

*Travco Hotels, Inc. v. Piedmont Natural Gas Co., Inc.*, 332 N.C. 288, 293, 420 S.E.2d 426, 429 (1992); *accord Goldston*, 326 N.C. at 727, 392 S.E.2d at 737. Based on the reasoning espoused by our Supreme Court, we will address the merits of plaintiff's interlocutory appeal as a substantial right is affected.

## Discussion

**[2]** The sole issue on appeal is whether the trial court erred in grant-ing defendants' motion to disqualify plaintiff's attorneys. "Decisions regarding whether to disqualify counsel are within the discretion of the trial judge and, absent an abuse of discretion, a trial judge's ruling on a motion to disqualify will not be disturbed on appeal." *Travco*, 332 N.C. at 295, 420 S.E.2d at 430.

Rule 3.7 of the North Carolina Rules of Professional Conduct states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal ser-vices rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

Rules of Prof. Conduct Rule 3.7(a) (2009); *see Cunningham v. Sams*, 161 N.C. App. 295, 297-98, 588 S.E.2d 484, 486-87 (2003) (citing Rule 3.7 as the basis for disqualifying trial counsel).

Plaintiff in this case does not specifically argue that any of the three exceptions to Rule 3.7 applies. Plaintiff argues that (1) his attorneys should not have been disqualified because there was no basis for defendants' anticipatory repudiation defense, and (2) the testimony of his attorneys at trial would be barred by Rule 408 of the North Carolina Rules of Evidence because the communications were attempts to settle a dispute. Although plaintiff spends a significant portion of his brief arguing the merits of his claim for breach of the settlement agreement and refuting defendants' claim of anticipatory repudiation, it is not the task of this Court to consider whether any of the claims involved have merit, nor was it the task of the trial court. Likewise, whether the attorneys' testimony is barred by Rule 408 as an attempt to settle a dispute is not a matter for our consideration. Evidentiary matters are properly brought forth at trial or in a motion *in limine*.[2] Our task is limited to determining whether the trial court abused its discretion in applying the canons of Rule 3.7. If plaintiff's attorneys are likely to be necessary witnesses on a contested issue, then they were properly disqualified pursuant to Rule 3.7.

The trial court in this case determined that Mr. Bray and Mr. Long were necessary witnesses on the issue of plaintiff's alleged anticipatory repudiation, a contested matter in this case. The trial court then continued the trial for a minimum of 90 days and ordered plaintiff to obtain new counsel within 30 days. We find no abuse of discretion in the trial court's determination.

Defendants' chief defense to plaintiff's claim that defendants breached the settlement agreement is anticipatory repudiation. This defense is based solely on the communications between plaintiff's and defendants' counsel. Defendants argue that the communications reveal that plaintiff never intended to close on the condominium on 30 April 2010, and, therefore, they were not required to provide the documents related to the rooftop terrace. As the trial court stated, the testimony of plaintiff's counsel is essential "to lay a foundation for their written and electronic communications with opposing counsel[,]" to "explain" those communications, and to "explain their knowledge concerning the loan being sought by Plaintiff to purchase the property . . . ." We see no abuse of discretion in the trial court's reasoning.

---

2. The trial court did not rule on the admissibility of the attorneys' testimony at trial.

In sum, we hold that plaintiff's attorneys are necessary witnesses in this case on a contested issue. Consequently, we hold that the trial court did not err in granting defendants' motion to disqualify.

Affirmed.   .

Judges BRYANT and McCULLOUGH concur.