**ROBINSON & LAWING, L.L.P. v. SAMS**

[161 N.C. App. 338 (2003)]

Affirmed.

Judges ELMORE and GEER concur.

———————

ROBINSON & LAWING, L.L.P., PLAINTIFF v. CYNTHIA B. SAMS, DEFENDANT

No. COA03-76

(Filed 18 November 2003)

### 1. Appeal and Error— appealability—order disqualifying counsel—substantial right

An order disqualifying counsel is immediately appealable because it affects a substantial right.

### 2. Attorneys— disqualification—material witness

A disqualification of defendant's counsel was not an abuse of discretion in an action by a prior attorney to recover fees for representation in a domestic action because the evidence showed that defendant's attorney was a necessary and material witness in her case where defendant alleged that plaintiff did not provide any value or benefit for many of the charges claimed for services rendered; the nature and value of plaintiff's legal services were a contested issue; and defendant's deposition testimony indicated that her present attorney may have relevant information regarding the nature and value of plaintiff's legal fees obtained prior to his representation of defendant. Rule of Professional Conduct 3.7.

### 3. Civil Procedure— findings—not requested, not required

An order disqualifying counsel was not vacated for lack of findings where neither party requested findings of fact or conclusions of law.

Appeal by defendant from order entered 21 August 2002 by Judge William Z. Wood, Jr., Superior Court, Forsyth County. Heard in the Court of Appeals 14 October 2003.

*Hahn & Chastain, P.A., by William J. O'Malley, for defendant.*

*Robinson & Lawing, L.L.P., by James R. Theuer, for plaintiff.*

WYNN, Judge.

Defendant Cynthia B. Sams argues on appeal that the trial court erroneously disqualified her attorney from representing her because the evidence did not show that her attorney was a necessary and material witness for her case, and the trial court made no findings of fact to support its decision. After careful review, we conclude the trial court did not abuse its discretion.

The pertinent facts indicate Robinson & Lawing, L.L.P., a law firm, represented Ms. Sams in a domestic action from October 1997 to July 1998. Thereafter, from July 1998 to October 2000, several different attorneys represented Ms. Sams, including Russ Kornegay, J. Calvin Cunningham, Lori Watson Berger, and the Causey Law firm.[1] From November 2000 until July 16, 2001, William J. O'Malley represented Ms. Sams in her domestic action.[2]

This matter arises from an action by Robinson & Lawing to recover legal fees ($30,229.69 plus interest) from Ms. Sams. During a July 2002 deposition, Ms. Sams stated that she had discussed Robinson & Lawing's representation with Mr. O'Malley prior to his representation in this matter. Based upon those statements, Robinson & Lawing moved to disqualify Ms. Sams' counsel. This appeal followed from the trial court's order disqualifying Mr. O'Malley from representing Ms. Sams.

---

On appeal, Ms. Sams first contends the trial court erroneously disqualified her defense counsel because Robinson & Lawing failed to show her defense counsel was a necessary and material witness in her case. We disagree.

"Decisions regarding whether to disqualify counsel are within the discretion of the trial judge and, absent an abuse of discretion, a trial judge's ruling on a motion to disqualify will not be disturbed on appeal." *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 295, 420 S.E.2d 426, 430 (1992).[3]

---

1. Mr. Cunningham and Ms. Berger filed a separate action against Ms. Sams for attorney fees. An appeal arising out of the disqualification of Mr. O'Malley in that matter presents similar issues as this appeal. *See Cunningham v. Sams*, —— N.C. App. ——, —— S.E.2d —— (2003) (COA02-1623) (Filed 18 November 2004)

2. In August 2001, Mr. O'Malley and Ms. Sams married.

[1] 3. Although interlocutory, an order disqualifying counsel is immediately appealable because it affects a substantial right. *See Goldston v. American Motors Corp.*, 326 N.C. 723, 726-27, 392 S.E.2d 735, 736-37 (1990); *see also Travco Hotels*, 332 N.C. at 292,

**[2]** In this case, the nature and value of Robinson & Lawing's legal services are a contested issue. Indeed, as an affirmative defense, Ms. Sams alleged "Robinson & Lawing did not provide any value or benefit for many of the charges it claims for services rendered, and Ms. Sams asserts lack of consideration as a defense to the debt."

During Ms. Sams' deposition, her testimony indicated that her attorney, Mr. O'Malley, may have relevant information regarding the nature and value of Robinson & Lawing's legal fees obtained prior to his representation of Ms. Sams in this case. According to Ms. Sams: (1) she became reacquainted with Mr. O'Malley in December 1998; (2) Ms. Sams and Mr. O'Malley married in August 2001; (3) between December 1998 and August 2001, she told Mr. O'Malley that Mr. Grantham, an attorney in Robinson & Lawing's firm, quit and that he had not done a very good job; (4) she showed Mr. O'Malley correspondence between Robinson & Lawing and Ms. Sams; and (5) she asserted attorney-client privilege as to other complaints she made to Mr. O'Malley regarding Robinson & Lawing's provision of legal services.[4]

Shortly after the deposition, Robinson & Lawing moved to disqualify Mr. O'Malley based upon Revised Rule of Professional Conduct 3.7 which in pertinent part states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3 disqualification of the lawyer would work substantial hardship on the client.

In its motion, Robinson & Lawing recounted Ms. Sams' deposition testimony, indicated it considered defense counsel a necessary and

420 S.E.2d at 429 (stating "the granting of a motion to disqualify counsel, unlike a denial of the motion, has immediate and irreparable consequences for both the disqualified attorney and the individual who hired the attorney. The attorney is irreparably deprived of exercising his right to represent a client. The client, likewise, is irreparably deprived of exercising the right to be represented by counsel of the client's choice. Neither deprivation can be adequately addressed by a later appeal of a final judgment adverse to the client").

4. Notwithstanding her assertion of privilege, Mr. O'Malley did not file his Notice of Appearance in this matter until January 2002, several months after the Complaint was filed.

KYLE & ASSOCS., INC. v. MAHAN

[161 N.C. App. 341 (2003)]

material witness, and stated its intention to call defense counsel as a witness during the trial. The trial court's order disqualifying counsel set a date for defense counsel's deposition, continued the matter for an additional sixty days from the trial date to allow Ms. Sams to retain replacement counsel, and stated that defense counsel could move for reconsideration of the disqualification order after the deposition. Accordingly, on these facts, we conclude the trial court did not abuse its discretion in disqualifying counsel.[5]

[3] Ms. Sams also argues the trial court's order should be vacated for want of findings of fact. Under N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2001), "findings of fact and conclusions of law are necessary on decisions of any motion . . . only when requested by a party and as provided by Rule 41(b)." *See also Allen v. Wachovia Bank & Trust Co., N.A.*, 35 N.C. App. 267, 269, 241 S.E.2d 123, 125 (1978) (stating "absent a request for findings of fact to support his decision on a motion, the judge is not required to find facts . . . and it is presumed that the Judge, upon proper evidence, found facts to support his judgment"). Our review of the transcript indicates neither party requested the trial court render findings of fact or conclusions of law. Accordingly, we find this argument to be without merit.

Affirmed.

Judges TIMMONS-GOODSON and ELMORE concur.

―――――――

5 Ms. Sams does not argue any of the exceptions to Rule 3.7 are applicable.