IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-809

Filed: 21 March 2017

Wake County, No. 15-CVD-9308

HARRIS & HILTON, P.A., Plaintiff,

v.

JAMES C. RASSETTE, a/k/a CHAD RASSETTE, Defendant.

Appeal by plaintiff from order entered 20 June 2016 by Judge Debra S. Sasser in Wake County District Court. Heard in the Court of Appeals 31 January 2017.

*Harris & Hilton, P.A., by Nelson G. Harris, for plaintiff-appellant.*

*Williams Mullen, by Kelly Colquette Hanley, for defendant-appellee.*

DAVIS, Judge.

This case presents the question of whether a categorical exception to the applicability of Rule 3.7 of the North Carolina Rules of Professional Conduct exists in fee collection cases. Harris & Hilton, P.A. ("Harris & Hilton") appeals from the trial court's order disqualifying Nelson G. Harris ("Mr. Harris") and David N. Hilton ("Mr. Hilton") from appearing as trial counsel in this action based on their status as necessary witnesses. Because this Court lacks the authority to create a new exception to Rule 3.7, we affirm the trial court's order.

**Factual and Procedural Background**

On 10 June 2015, Harris & Hilton filed the present action in Wake County District Court against James C. Rassette ("Defendant") to recover attorneys' fees for legal services the firm had allegedly provided to Defendant prior to that date. The complaint asserted that Harris & Hilton was entitled to recover $16,935.69 in unpaid legal fees. On 13 November 2015, Defendant filed an answer in which he asserted various defenses, including an assertion that no contract had ever existed between the parties.

On 10 June 2016, a pre-trial conference was held before the Honorable Debra S. Sasser. During the conference, Judge Sasser expressed a concern about the fact that Harris & Hilton's trial attorneys — Mr. Harris and Mr. Hilton — were also listed as witnesses who would testify at trial on behalf of Harris & Hilton. After determining that Mr. Harris and Mr. Hilton were, in fact, necessary witnesses who would be testifying regarding disputed issues such as whether a contract had actually been formed, Judge Sasser entered an order on 20 June 2016 disqualifying the two attorneys from representing Harris & Hilton at trial pursuant to Rule 3.7. On 27 June 2016, Harris & Hilton filed a notice of appeal to this Court.

**Analysis**

## I. Appellate Jurisdiction

As an initial matter, we must determine whether we possess jurisdiction over this appeal. "[W]hether an appeal is interlocutory presents a jurisdictional issue, and

this Court has an obligation to address the issue *sua sponte*." *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (citation, quotation marks, and brackets omitted). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Id.* (citation omitted). Conversely, an order or judgment is interlocutory if it does not settle all of the issues in the case but rather "directs some further proceeding preliminary to the final decree." *Heavner v. Heavner*, 73 N.C. App. 331, 332, 326 S.E.2d 78, 80, *disc. review denied*, 313 N.C. 601, 330 S.E.2d 610 (1985).

"Generally, there is no right of immediate appeal from interlocutory orders . . . ." *Paradigm Consultants, Ltd. v. Builders Mut. Ins. Co.*, 228 N.C. App. 314, 317, 745 S.E.2d 69, 72 (2013) (citation and quotation marks omitted). The prohibition against interlocutory appeals "prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Russell v. State Farm Ins. Co.*, 136 N.C. App. 798, 800, 526 S.E.2d 494, 496 (2000) (citation and brackets omitted).

> However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.

*N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995) (internal citations omitted).

In the present case, the trial court's order is not a final judgment, and Judge Sasser's order does not contain a certification under Rule 54(b). Therefore, this appeal is proper only if Harris & Hilton is able to show the existence of a substantial right that would be lost absent an immediate appeal. *See Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) ("The burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order.").

Harris & Hilton contends that because the trial court's order serves to disqualify its chosen trial counsel, the order affects a substantial right that would otherwise be lost in the absence of an immediate appeal. This Court has held that "an order disqualifying counsel is immediately appealable because it affects a substantial right." *Robinson & Lawing, L.L.P. v. Sams*, 161 N.C. App. 338, 339 n.3, 587 S.E.2d 923, 925 n.3 (2003) (citation omitted). Thus, we possess jurisdiction over this appeal.

## II.  Applicability of Rule 3.7

Harris & Hilton's sole argument is that the trial court abused its discretion by disqualifying Mr. Harris and Mr. Hilton pursuant to Rule 3.7. "Decisions regarding whether to disqualify counsel are within the discretion of the trial judge and, absent

an abuse of discretion, a trial judge's ruling on a motion to disqualify will not be disturbed on appeal." *Oliver v. Bynum*, 163 N.C. App. 166, 169, 592 S.E.2d 707, 710 (2004) (citation and quotation marks omitted). Under the abuse of discretion standard, "we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Brewer v. Hunter*, 236 N.C. App. 1, 8, 762 S.E.2d 654, 658 (citation and quotation marks omitted), *disc. review dismissed*, 367 N.C. 800, 766 S.E.2d 769 (2014).

Rule 3.7 states, in pertinent part, as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.

N.C. Rev. R. Prof. Conduct 3.7(a).

Rule 3.7 prohibits a lawyer from simultaneously serving in these dual roles because "[c]ombining the role of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." N.C. Rev. R. Prof. Conduct 3.7, cmt. 1. We have previously applied Rule 3.7 in the context of fee collection cases. *See, e.g.*, *Robinson & Lawing, L.L.P.*, 161 N.C.

App. at 341, 587 S.E.2d at 925 (holding that trial court properly disqualified defense counsel based on her status as necessary witness in action to recover legal fees).

Harris & Hilton does not dispute the fact that (1) Mr. Harris and Mr. Hilton will both be necessary witnesses at trial; (2) their testimony will encompass material, disputed issues; and (3) none of the three above-quoted exceptions contained within Rule 3.7 are applicable. Nor does it contest the fact that a literal reading of Rule 3.7 supports the trial court's ruling. Instead, it asks this Court to adopt a new exception based on its contention that Rule 3.7 should not be applied in fee collection actions to disqualify counsel from both representing their own firm and testifying on its behalf.

Harris & Hilton argues that permitting a law firm's attorney to serve both as trial counsel and as a witness in a fee collection case is no different than allowing litigants to represent themselves *pro se*. It is true that litigants are permitted under North Carolina law to appear *pro se* — regardless of whether the litigant is an attorney or a layperson. *See* N.C. Gen. Stat. § 1-11 (2015) ("A party may appear either in person or by attorney in actions or proceedings in which he is interested."); N.C. Gen. Stat. § 84-4 (2015) ("[I]t shall be unlawful for any person or association of persons, except active members of the Bar . . . to practice as attorneys-at-law, to appear as attorney or counselor at law in any action or proceeding before any judicial body . . . *except in his own behalf as a party thereto*[.]" (emphasis added)).

However, the present case does not involve the ability of Mr. Harris or Mr. Hilton to represent themselves on a *pro se* basis. Instead, they seek to represent their *law firm* — a professional corporation — in a suit against a third party while simultaneously serving as witnesses on their firm's behalf as to disputed issues of fact. It is well established that an entity such as Harris & Hilton is treated differently under North Carolina law than a *pro se* litigant. *See LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002) (holding that under North Carolina law, a corporation is not permitted to represent itself *pro se*).

Harris & Hilton also makes a policy argument, contending that the current version of Rule 3.7 is archaic and fails to take into account the disproportionate economic burden on small law firms that are forced to hire outside counsel to litigate fee collection cases. However, in making this argument, Harris & Hilton misunderstands the role of this Court given that it is asking us not to *interpret* Rule 3.7 but rather to *rewrite* it — a power that we simply do not possess.

N.C. Gen. Stat. § 84-23(a) states as follows:

> The [North Carolina State Bar] is vested with the authority to regulate the professional conduct of licensed lawyers and State Bar certified paralegals. Among other powers, the [State Bar] shall . . . formulate and adopt rules of professional ethics and conduct . . . .

N.C. Gen. Stat. § 84-23(a) (2015); *see also Mebane v. Iowa Mut. Ins. Co.*, 28 N.C. App. 27, 30, 220 S.E.2d 623, 625 (1975) ("Chapter 84, Article 4 [of the North Carolina General Statutes] creates the [North Carolina] State Bar as the agency, subject to the superior authority of the General Assembly, to formulate and adopt rules of professional ethics and conduct for licensed attorneys.").

Just as this Court lacks the authority to rewrite the General Statutes, *see State v. Wagner*, __ N.C. App. __, __, 790 S.E.2d 575, 582 (2016) ("Our courts lack the authority to rewrite a statute, and instead, the duty of a court is to construe a statute as it is written." (citation, quotation marks, and brackets omitted)), *disc. review denied*, __ N.C. __, 795 S.E.2d 221 (2017), we similarly lack the ability to rewrite the Rules of Professional Conduct. Thus, the appropriate audience for Harris & Hilton's policy argument is the State Bar rather than this Court.

In sum, we cannot say that the trial court abused its discretion by applying Rule 3.7 as written as opposed to creating a new exception that neither appears within the Rule itself nor has been recognized by North Carolina's appellate courts. Accordingly, we affirm the trial court's disqualification order. *See State v. Rogers*, 219 N.C. App. 296, 306, 725 S.E.2d 342, 348-49 (2012) ("[T]here is competent evidence in the record to support the trial court's conclusion that [defense counsel] was likely to be a necessary witness at defendant's trial and that none of the exceptions to Rule 3.7 apply."), *appeal dismissed and disc. review denied*, 366 N.C. 232, 731 S.E.2d 171

(2012); *cert. denied*, __ U.S. __, 133 S. Ct. 1604, 185 L. Ed. 2d 595 (2013); *Braun v. Tr. Dev. Grp., LLC*, 213 N.C. App. 606, 611, 713 S.E.2d 528, 531 (2011) (trial court did not err in granting defendants' motion to disqualify pursuant to Rule 3.7 because plaintiff's attorneys were necessary witnesses).

## Conclusion

For the reasons stated above, the trial court's 20 June 2016 order is affirmed.

AFFIRMED.

Judges DILLON and INMAN concur.