Konover v. Pantlin, 2020 NCBC 8.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

ILAN KONOVER, HK CAPITAL.,
GROUP, LLC, LIN'S HOLDINGS,
LLC, and YOUNG LIN, all
individually and derivatively on
behalf of MPHK CAPITAL, LLC,

            Plaintiffs,

    v.

MARK PANTLIN and MPHK
CAPITAL, LLC,

            Defendants.

----------------------------------------------------

MARK PANTLIN, individually and
derivatively on behalf of
MPHK CAPITAL, LLC,

            Counterclaim
            Plaintiff,

    v.

ILAN KONOVER, ARIEL
KONOVER, HENRY KONOVER, HK
CAPITAL GROUP, LLC, LIN'S
HOLDINGS, LLC, YOUNG LIN, and
MPHK CAPITAL, LLC,

            Counterclaim
            Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 3752

**ORDER AND OPINION ON PANTLIN'S
MOTION TO DISMISS, TO STRIKE, AND TO
DISQUALIFY COUNSEL**

THIS MATTER comes before the Court on Defendant/Counterclaim Plaintiff

Mark Pantlin's ("Pantlin") Motion to Dismiss, to Strike, and to Disqualify Counsel.

("Motion," ECF No. 6.)  Pantlin moves pursuant to North Carolina Rules of Civil

Procedure (hereinafter, "Rules") 12(b)(1), 12(b)(6), and 12(f) to dismiss certain claims,

to strike all claims brought on behalf of MPHK Capital, LLC ("MPHK"), and to disqualify MPHK's counsel. (*Id.* at p. 2.) Plaintiffs did not respond to the Motion.

THE COURT, having considered the Motion, the brief in support of the Motion filed by Defendants, and other appropriate matters of record, concludes that the Motion should be GRANTED, in part, and DENIED, in part, for the reasons set forth below.

> *Manning, Fulton, & Skinner, P.A., by J. Whitfield Gibson and Robert Strong Shields for Plaintiffs-Counterclaim Defendants Young Lin; Lin's Holdings, LLC; HK Capital Group, LLC; and Ilan Konover.*
>
> *Sigmon Law, PLLC, by Mark Russell Sigmon for Defendant-Counterclaim Plaintiff Mark Pantlin.*

McGuire, Judge.

## I. FACTS AND PROCEDURAL HISTORY

1. The Court adopts and relies, as it must, on the factual allegations as pleaded in Plaintiffs' complaint ("Verified Complaint," ECF No. 3). *See, e.g.*, *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987); *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

2. On March 11, 2019, Plaintiffs filed their Verified Complaint in Wake County, North Carolina alleging derivative claims, on behalf of MPHK, against Pantlin for breach of fiduciary duty; breach of contract; and constructive fraud.[1] (ECF No. 3.) Plaintiffs also bring individual claims against Pantlin for breach of contract;

---

[1] Although not styled as a derivative claim, it appears Plaintiffs' constructive fraud claim is brought derivatively because Plaintiffs' allegations supporting their constructive fraud claim only allege damages incurred by MPHK. (*See* ECF No. 3, at ¶¶ 51–52.)

frustration of reasonable expectations[2]; fraud; and unfair or deceptive trade practices in violation of N.C.G.S. § 75-1.1 ("UDTPA"). (*Id.*) On November 12, 2019, this case was designated to the North Carolina Business Court (Desig. Order, ECF No. 1), and assigned to the undersigned on November 13, 2019 (Assign. Order, ECF No. 2).

3.  On November 14, 2019, Pantlin filed the Motion (ECF No. 6), along with a supporting brief ("Brief in Support," ECF No. 7). Plaintiffs did not file a brief in opposition to the Motion.

4.  Pantlin's Motion is ripe for review. Pursuant to North Carolina Business Court Rule ("BCR") 7.4, the Court, in its discretion, now decides the Motion without a hearing.

II.  ANALYSIS

   A.  Standard of Review

6.  Pantlin moves for dismissal pursuant to Rules 12(b)(1), 12(b)(6), and 12(f).

7.  "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Estate of Apple v. Commercial Courier Express Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (2005). "Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss." *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001).

---

[2] Plaintiffs' claim for "frustration of reasonable expectations," which prays for "equitable relief," appears to seek judicial dissolution of MPHK.

8. "It is well established that dismissal pursuant to Rule 12(b)(6) is proper when '(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.'" *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615, 821 S.E.2d 729, 736–37 (2018) (quoting *Wood v. Guilford County*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)).

9. Under Rule 12(f), the trial court may "strik[e] from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C.G.S. § 1A-1, Rule 12(f). "A motion to strike is addressed to the sound discretion of the trial court." *Kingsdown, Inc. v. Hinshaw*, 2016 NCBC LEXIS 15, at *8 (N.C. Super. Ct. Feb. 17, 2016). Likewise, "[d]ecisions regarding whether to disqualify counsel are within the discretion of the trial judge." *Robinson & Lawing, L.L.P. v. Sams,* 161 N.C. App. 338, 339, 587 S.E.2d 923, 925 (2003) (citation omitted).

B. <u>Plaintiffs' Derivative Claims</u>

10. Pantlin seeks dismissal of Plaintiffs' derivative claims pursuant to Rules 12(b)(1) and 12(b)(6). Pantlin argues that Plaintiffs' derivative claims should be dismissed because "Plaintiffs failed to allege any demand at all . . . . As a result, this Court lacks subject matter jurisdiction." (ECF No. 7, at p. 6.)

11. A member of a North Carolina LLC can bring a derivative action only if the "member made written demand on the LLC to take suitable action, and either (i)

the LLC notified the member that the member's demand was rejected, (ii) 90 days have expired from the date the demand was made, or (iii) irreparable injury to the LLC would result by waiting for the expiration of the 90-day period." N.C.G.S. § 57D-8-01(a)(2); *Azure Dolphin, LLC v. Barton*, 2017 NCBC LEXIS 90, at *20 (N.C. Super. Ct. Oct. 2, 2017).

12. The Court has closely reviewed the Verified Complaint and there is, indeed, no allegation that a pre-suit demand letter was served on MPHK. (*See* ECF No. 3.) Therefore, Pantlin's motion to dismiss Plaintiffs' derivative claims pursuant to Rules 12(b)(1) and 12(b)(6) should be GRANTED.

C. Plaintiffs' UDTPA Claim

13. Pantlin argues that Plaintiffs' UDTPA claim should be dismissed pursuant to Rule 12(b)(6) because "all of the allegations by Plaintiffs are clearly about an internal dispute among the three members of MPHK." (ECF No. 7, at p. 9.)

14. The UDTPA seeks "to prohibit unfair or deceptive conduct in interactions between different market participants. The General Assembly did not intend for the Act to regulate purely internal business operations." *White v. Thompson*, 364 N.C. 47, 47–48, 691 S.E.2d 676, 676 (2010). "As a result, any unfair or deceptive conduct contained solely within a single business is not covered by the Act." *Id.* at 53, 691 S.E.2d at 680.

15. The Court has thoroughly reviewed the Verified Complaint. Even under its most liberal reading, it appears that the alleged unfair or deceptive conduct occurred solely within MPHK, a single market participant. With no opposition brief

to persuade the Court otherwise, the Court concludes Pantlin's motion to dismiss Plaintiffs' UDTPA claim pursuant to Rule 12(b)(6) should be GRANTED.

D. Striking MPHK's Claims and Disqualifying MPHK's Counsel

16. Pantlin contends that "MPHK [ ] also purports to bring claims against Mr. Pantlin" and that those claims should be stricken and MPHK's counsel disqualified because MPHK's Operating Agreement mandates that "Major Decisions," including bringing and defending lawsuits on behalf of MPHK, require the consent of all MPHK members. (ECF No. 6, at p. 3.) Defendants contend that since Pantlin did not consent to MPHK bringing this lawsuit, its purported claims "should be stricken and MPHK's [ ] counsel disqualified from representing MPHK in this case." (*Id.*)

17. Pantlin's argument is incorrect. MPHK does not make any claims directly against Pantlin in the Verified Complaint. Rather, all of the claims raised by Plaintiffs are allegedly brought derivatively on behalf of MPHK or individually by Konover and Lin. Accordingly, Pantlin's motion to dismiss claims brought by MPHK directly against Pantlin should be DENIED as MOOT.

18. In addition, there is no allegation in the Verified Complaint that Plaintiffs' counsel is representing, or has been retained or paid by, MPHK. Nevertheless, pursuant to the Court's Receiver Order filed on December 5, 2019, the Receiver has "full authority to manage the affairs of MPHK in the best interests of its creditors and Members." ("Receiver Order," ECF No. 15, at ¶ 25.) More precisely, the Receiver Order grants the Receiver authority, in place of MPHK's members and

managers, to file and maintain lawsuits on behalf of MPHK. (*See id.* at ¶¶ 25–26.) Accordingly, to the extent MPHK purports to have retained Plaintiff's counsel on its own behalf, the Receiver has authority to take those steps necessary to continue or discontinue such representation. The Court concludes that Pantlin's motion to disqualify Plaintiffs' counsel from representing MPHK should be DENIED as MOOT.

THEREFORE, it is ORDERED that the Motion is GRANTED, in part, and DENIED, in part, as follows:

1. To the extent the Motion seeks dismissal of Plaintiffs' purported derivative claims, the Motion is GRANTED, and any derivative claims are DISMISSED.

2. To the extent the Motion seeks dismissal of Plaintiffs' UDTPA claim, the Motion is GRANTED, and the claim is DISMISSED.

3. To the extent Defendants move to strike claims purportedly raised directly by MPHK and to disqualify Plaintiffs' counsel as counsel for MPHK, the Motion is DENIED as MOOT.

SO ORDERED, this the 30th day of January, 2020.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
for Complex Business Cases