IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-208

No. COA21-403

Filed 5 April 2022

Durham County, No. 20 CVS 1323

ROSENTHAL FURS, INC., Plaintiff,

v.

JONATHAN ANDREW FINE and MARSHALL GRANT, PLLC., Defendants.

Appeal by Defendants from Order entered 11 March 2021 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 11 January 2022.

*Randolph M. James, P.C., by Randolph M. James, for plaintiff-appellee.*

*J. Andrew Fine, for defendants-appellants.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Jonathan A. Fine (Fine) and Marshall Grant, PLLC, (Marshall Grant) (collectively Defendants) appeal from Order entered in favor of Rosenthal Furs, Inc. (Plaintiff) on 11 March 2021 granting Plaintiff's Motion to Disqualify Fine as Counsel for Defendants. The Record before us reflects the following:

¶ 2        On 1 October 2020, Plaintiff filed a Complaint for legal malpractice, constructive fraud, and negligent misrepresentations against Defendants.[1] Plaintiff based these claims on Defendants' prior representation of Plaintiff in a dispute related to the enforcement of a renewal option provision in a commercial lease. During the prior representation, the North Carolina State Bar suspended Fine's law license and subsequently censured Fine for practicing law while his license was suspended. Defendants failed to inform Plaintiff about Fine's suspended license. The Complaint alleged this failure to disclose, in addition to Fine's failure to competently evaluate and prosecute Plaintiff's claims, constituted a breach of the applicable duties of care. Furthermore, Plaintiff alleged Marshall Grant breached its duties of applicable care by representing to Plaintiff that Fine was an experienced commercial litigator when he either "(a) lacked or (b) possessed but failed to apply, the requisite skill and/or knowledge in prosecuting Plaintiff's claims." Additionally, Plaintiff alleged Marshall Grant, through its members, represented that the firm possessed the requisite authority to practice law in North Carolina, but in fact, they did not.

---

[1] Plaintiff filed an Amended Complaint 11 December 2020 after Defendants filed a Joint Motion to Dismiss Complaint on 1 December 2020.

¶ 3        On 29 October 2020, Fine apparently filed a Notice of Limited Appearance of Counsel on behalf of Marshall Grant and filed a Joint Motion to Dismiss Amended Complaint on 8 February 2021 on behalf of both Defendants.[2]

¶ 4        On 4 March 2021, Plaintiff filed a Motion to Disqualify Fine as counsel for Defendants.  In support of its Motion to Disqualify, Plaintiff contended North Carolina Rules of Professional Conduct 1.9 (Rule 1.9) and 3.7 (Rule 3.7) applied and disqualified Fine from appearing pro se and serving as attorney for Marshall Grant. Specifically, Plaintiff contended Fine should be disqualified under Rule 3.7 because "Fine is a material and necessary witness in the litigation as Defendant Fine's conduct, advice, filings, decisions, statements, acts, and omissions are the subject of this legal malpractice lawsuit."  Furthermore, Plaintiff contended Fine should be disqualified from serving as attorney for Marshall Grant under Rule 1.9(a) because Fine's representation of Marshall Grant is materially adverse to the interest of Plaintiff, and Defendants had not requested or received Plaintiff's informed consent for Fine to represent Marshall Grant.

¶ 5        Although Defendants did not file a response to the Motion to Disqualify, Fine appeared at the hearing for the Motion on 9 March 2021 on behalf of Defendants. Plaintiff's attorney, Randy James, (James) appeared on Plaintiff's behalf. After

---

[2] The Notice of Limited Appearance of Counsel is not included in the Record.

briefly introducing the case, James argued the trial court should grant the Motion to Disqualify because:

> [Fine's] highly sensitive to these allegations and he's emotional about them as - - and that we've alleged that he's going to be a witness. He says he's gonna be a witness. He's testifying in his papers - - in his motions and that he can't be both. He can't do both in this case and on behalf of Marshall Grant.

In his response to James, Fine acknowledged that he may have "come across as angry with some of the filings," but argued his emotional response to the filings was not relevant, and thus, "something that we should [not] get into now based on this motion to disqualify." Despite this initial hesitancy to discuss his actions in the case, Fine continued to read the testimonial statements in his Motions in an effort to show the trial court the "ludicrous" nature of Plaintiff's assertions. Finally, Fine acknowledged—based on an ethics opinion from the state bar—that ultimately "it's up to the [trial] court to decide" whether an attorney can operate as an advocate and witness under Rule 3.7, but argued he should be able to represent himself because he was "competent" or "able to show that [he] understood what was going on . . . ."

¶ 6         Ultimately, on 11 March 2021, the trial court granted Plaintiff's Motion to Disqualify Fine as Counsel for Defendants and entered an Order disqualifying Fine from further representation of the Defendants. The Order included the following relevant Findings of Fact:

6. [Defendant's] conduct in representing Plaintiff during the Shmalo Litigation gives rise to claims of legal malpractice, constructive fraud, and negligent misrepresentation against Fine and Marshall Grant in this action.

7. Plaintiff alleges, and the Court finds it is undisputed, that Defendant Fine's North Carolina State Bar license . . . was suspended from March 29, 2015 to June 20, 2017, during which time Fine appeared in Macon County Superior Court for Plaintiff in the Shmalo Litigation as well as prosecuting an interlocutory appeal to the North Carolina Court of Appeals as counsel for Plaintiff.

. . . .

9. Although during oral argument Fine disclosed Marshall Grant had signed a conflict waiver with Fine related to a conflict of interest between Fine and Marshall Grant, no such document was provided to the Court for its review. Further such a conflict waiver would not address Rule 3.7 concerns of Fine as a witness and advocate.

10. No answer has been filed by either defendant; however, the Court is concerned with Fine accepting representation in the Shmalo Litigation when his North Carolina law license had been suspended with an order from the North Carolina State Bar to disclose the suspension to Fine's clients and to wind down his practice during the suspension. The Court is further concerned with Marshall Grant accepting professional fees from Plaintiff alleged to be in excess of $55,000 for an associate attorney whose North Carolina law license had been suspended.

11. Because Marshall Grant has not filed an answer to the amended complaint, the Court does not know the position Marshall Grant will take on whether it knew Fine's law license had been suspended when Fine accepted representation . . . .

12. Regardless of whatever position Marshall Grant takes about its knowledge of Fine's law license, clearly Fine will be deposed,

Marshall Grant's attorneys and/or former attorneys will be deposed and as this case progresses, whether Fine disclosed his law license suspension and the reasons therefore may well constitute a disputed issue for resolution by the Court and/or the fact finder.

. . . .

14. Fine further acknowledged during this hearing, he was angry about being sued by Plaintiff and therefore his filed motions may reflect his emotional feelings . . . .

. . . .

19. Defendant Fine did not file a response to Plaintiff's motion to disqualify him, but called Plaintiff's motion to disqualify him as counsel for himself and Marshall Grant "ludicrous" during the hearing.

20. Considering Fine's wrongful conduct as found by the North Carolina State Bar and his prior suspension from the practice of law in North Carolina during the time of his prior representation of Plaintiff and the amounts of money invoiced and paid by Plaintiff to Marshall Grant during some if not much time of Fine's suspension, and other issues surrounding the representation of Plaintiff by Fine and Marshall Grant, Fine and Marshall Grant attorneys/staff will be witnesses in this litigation, both by deposition and depositions *de benne* [sic] *esse* for Marshall Grant non-resident attorneys.

The Order also included the following relevant Conclusions of Law:

7. Defendant Fine has a disqualifying conflict of interest based upon his prior representation of Plaintiff while not being licensed to practice law; Defendant Fine engaged in the unauthorized practice of law in representing Plaintiff as adjudicated by the North Carolina State Bar.

8. Based on this disqualifying conflict of interest, Defendant Fine cannot continue representation pro se or of Defendant Marshall Grant.

¶ 7 On 19 March 2021 Defendants filed a Motion for Reconsideration of the Order Granting Plaintiff's Motion to Disqualify, which was denied by an Order entered 29 March 2021. Defendants filed Notice of Appeal on 8 April 2021.

## **Appellate Jurisdiction**

¶ 8 The trial court's Order Granting Plaintiff's Motion to Disqualify is an interlocutory order. "Whether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue *sua sponte*." *Harris & Hilton, P.A. v. Rassette*, 252 N.C. App. 280, 281, 798 S.E.2d 154, 156 (2017). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, an appeal is permitted "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Harris & Hilton*, 252 N.C. App. at 282, 798 S.E.2d at 156. The North Carolina Supreme Court has previously held that orders disqualifying counsel affect a substantial right and are immediately appealable. *See Goldston*, 326 N.C. at 726, 392 S.E.2d at 736. Thus, Defendants' appeal from the Order disqualifying Fine is properly before this Court.

## **Issues**

¶ 9 The issues on appeal are whether: (I) the trial court erred in disqualifying Fine from representing Marshall Grant; and (II) the trial court erred in disqualifying Fine from representing himself pro se.

## Standard of Review

¶ 10 Our standard of review for disqualification of counsel is well established: "Decisions regarding whether to disqualify counsel are within the discretion of the trial judge and, absent an abuse of discretion, a trial judge's ruling on a motion to disqualify will not be disturbed on appeal." *Harris & Hilton, P.A. v. Rassette*, 252 N.C. App. 280, 283, 798 S.E.2d 154, 157 (2017). "Under the abuse of discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Id.*

## Analysis

### I. Fine's Representation of Marshall Grant

¶ 11 Defendants contend the trial court abused its discretion in disqualifying Fine from representing Marshall Grant arguing Rule 3.7 only disqualifies a lawyer as an advocate at trial if the lawyer is likely to be a necessary witness. Specifically,

Defendants allege the case is not close to trial and it is premature to decide whether a disqualifying conflict will arise.[3]

Rule 3.7(a) provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

N.C. Rev. R. Prof. Conduct 3.7. The comments to Rule 3.7 explain:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

*Id.* at cmt. 2.

---

[3] Defendants further contend the trial court abused its discretion in disqualifying Fine under Rule 1.9 of the Rules of Professional Conduct prohibiting a lawyer from representing a client materially adverse to a former client in the same or substantially related matter because "the instant malpractice matter and the previous matter are 'substantially related.'" However, Defendants did not make this argument before the trial court and, instead, relied on Fine's assertion Marshall Grant had signed a conflict waiver. Nevertheless, the trial court's Finding of Fact indicates this signed waiver was never presented to the trial court, and further found, even if the waiver had been presented, this did not resolve the Rule 3.7 issue. Moreover, it is not clear how any waiver executed by Marshall Grant would resolve any conflict between Fine and Plaintiff regarding Fine's representation of a party materially adverse to Plaintiff.

¶ 13    In *Harris & Hilton*, our Court has previously recognized the power of the trial court to disqualify counsel from representing their own law firm where the lawyer was likely to be a necessary witness under Rule 3. There, the law firm's attorneys sought to represent their law firm in a suit against a third party while simultaneously serving as witnesses on their firm's behalf as to disputed issues of fact. *Harris & Hilton*, 252 N.C. App. at 284, 798 S.E.2d at 157. The defendants argued they should be permitted to serve as both trial counsel and as witnesses because it "is no different than allowing litigants to represent themselves pro se." *Id.* We disagreed, recognizing "an entity such as Harris & Hilton is treated differently under North Carolina law than a pro se litigant." *Id. (*citing *LexisNexis, Div. of Reed Elseiver, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002) (holding that under North Carolina law, a corporation is not permitted to represent itself pro se)).

¶ 14    Here, while Defendants recognize the authority of the trial court to disqualify a law firm's attorney from representing their law firm, they argue the trial court disqualified Fine prematurely as the language of Rule 3.7 states "a lawyer shall not advocate *at a trial*" and does not expressly prevent an advocate from participating in pretrial proceedings. However, Defendants fail to acknowledge a crucial portion of an ethics opinion explaining the "at a trial" language. In a 2020 Ethics Opinion addressing Rule 3.7, the North Carolina State Bar Ethics Committee noted that while Rule 3.7's prohibition on a lawyer acting as both advocate and witness "does not

automatically extend to a lawyer's representation of a client in pretrial proceedings," the court has discretion to disqualify a lawyer from pretrial proceedings "if the pretrial activities involve evidence that, if admitted at trial, would reveal the lawyer's dual role." 2020 Formal Ethics Opinion 3, no. 2, N.C. State Bar.

¶ 15 In this case, the trial court found Fine along with Marshall Grant would be deposed and be witnesses at trial as Plaintiff requires evidence about Fine's wrongful conduct, suspension from the practice of law during the representation of Plaintiff, and the amounts of money invoiced and paid by Plaintiff to Defendants during Fine's suspension. Thus, if admitted at trial, the evidence obtained during these depositions would reveal Fine's dual role as it may not be clear to the jury whether they should take Fine's deposition statements as proof or as an analysis of the proof. *See* N.C. Rev. R. Prof. Conduct 3.7, cmt. 2. Therefore, the trial court did not abuse its discretion in disqualifying Fine from representing Marshall Grant under Rule 3.7 of the Rules of Professional Conduct.

## II. Fine's Pro Se Appearance

¶ 16 Defendants also contend the trial court "made a clear error of law and abused its discretion" by disqualifying Fine from representing himself. Defendants argue "Fine's right to represent himself is codified in North Carolina law[,]" and there "cannot be a disqualification based on a pro se attorney/defendant's 'dual role' because it is axiomatic that a pro se litigant will always play a dual role as advocate and

witness." Thus, Defendants contend Rule 3.7 of the Rules of Professional Conduct's restrictions on lawyers also acting as witnesses has no application to a lawyer acting pro se.

¶ 17 As a general proposition, Defendants are correct that under N.C. Gen. Stat. § 1-11, "A party may appear either in person or by attorney in actions or proceedings in which he is interested." N.C. Gen. Stat. § 1-11 (2021). Indeed, this Court has acknowledged in broad terms: "It is true that litigants are permitted under North Carolina law to appear pro se —regardless of whether the litigant is an attorney or a layperson." *Harris & Hilton*, 252 N.C. App. at 284, 798 S.E.2d at 157. The North Carolina State Bar, in a Formal Ethics Opinion, has also recognized Rule 3.7 does not prohibit a lawyer from proceeding as a pro se litigant. Responding to the inquiry: "Is a lawyer who is a litigant and who is likely to be a necessary witness prohibited by Rule 3.7 from representing himself at the trial?", the Ethics Committee responded: "No. The underlying reason for the prohibition—confusion regarding the lawyer's role—does not apply when the lawyer is also a litigant." 2011 Formal Ethics Opinion 1, Opinion no. 3, N.C. State Bar. Nevertheless, the same Opinion notes:

> The Ethics Committee observes, however, that it is the sole prerogative of a court to determine advocate/witness issues when raised in a motion to disqualify. This ethics opinion merely holds that a lawyer/litigant is not required to find alternative counsel prior to a court's ruling on a motion to disqualify.

*Id*. Thus, as a general rule, a lawyer-litigant has a right to appear pro se and Rule 3.7 does not automatically operate to disqualify a lawyer-litigant from appearing pro se even when the lawyer-litigant is likely to be a necessary witness.

¶ 18    Indeed, courts in other jurisdictions addressing the issue and applying the same or similar American Bar Association Model Rule 3.7 tend to reach the same conclusion.  *See e.g. Brooks v. S.C. Comm'n on Indigent Def.*, 419 S.C. 319, 332, 797 S.E.2d 402, 409 (2017) ("Rule 3.7 of the South Carolina Rules of Professional Conduct does not apply to a pro se attorney."); *Farrington v. L. Firm of Sessions*, Fishman, 687 So. 2d 997, 1000 (1997) ("Rule 3.7 does not apply to the situation where the lawyer is representing himself."); *Beckstead v. Deseret Roofing Co.*, 831 P.2d 130, 134 (Utah Ct. App. 1992) ("Courts interpreting the prohibition against acting as a lawyer and a witness in the same case have consistently concluded the rule does not apply when the lawyer is representing himself.").[4]

¶ 19    A lawyer's right to be self-represented even when the lawyer is likely to be a necessary witness notwithstanding, the question remains whether circumstances may arise permitting a court to disqualify a lawyer from appearing pro se in a particular case.  North Carolina courts do not appear to have addressed this question.

---

[4] Additional helpful discussion including the underlying rationale for this general rule may be found in *In re Waldrop*, No. 15-14689-JDL, 2016 WL 6090849, at *3 (Bankr. W.D. Okla. Oct. 18, 2016).

¶ 20       At least one court has suggested, however, that while the witness-advocate rule

codified in Rule 3.7 does not apply to lawyers appearing pro se, the pro se lawyer may

still be subject to discipline or sanctions including disqualification for abusing the

role of lawyer-litigant:

> Since defendants have elected to appear pro se, they must conduct
> themselves in their role as advocates under the same standards
> of conduct expected of all members of the legal profession in
> relation to the opposing party, the court and the public. If during
> the course of these proceedings, the combined role of lawyer and
> party is abused, the trial judge, in his discretion, may impose
> whatever sanctions are necessary to [e]nsure the orderly conduct
> of the proceedings including requiring defendants to procure
> independent counsel to conduct the adversarial proceedings.

*Farrington*, 96-1486, p. 5, 687 So.2d at 1001. [5]

¶ 21       We believe this approach is also consistent with North Carolina law.

Certainly, the State Bar Formal Ethics Opinion on the question suggests there may

well be circumstances necessitating disqualification of a lawyer-litigant during the

course of proceedings in an individual case. 2011 Formal Ethics Opinion 1, Opinion

no. 3, N.C. State Bar. Moreover, North Carolina courts retain inherent disciplinary

---

[5] The *Farrington* Court provided an interesting example. It cited the Connecticut Court of Appeals for the general proposition an attorney should not be disqualified from proceeding pro se. *Presnick v. Esposito*, 8 Conn. App. 364, 366, 513 A.2d 165, 166 (1986). However, on appeal after remand, the Connecticut Court sanctioned the pro se lawyer for his unprofessional conduct during the litigation noting: "Although appearing pro se in this action and appeal, the defendant is still an attorney licensed by the Superior Court to practice before the courts of our state. As such, he is subject to the Rules of Professional Conduct adopted by the judges of the Superior Court in his relationship with the courts and public." *Esposito v. Presnick*, 15 Conn. App. 654, 667, 546 A.2d 899, 905–06 (1988).

power to regulate attorneys appearing before the courts. *Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 182, 695 S.E.2d 429, 436 (2010) (courts possesses inherent authority to discipline attorneys and this authority is not limited by the rules of the State Bar); *see also Swenson v. Thibault*, 39 N.C. App. 77, 109, 250 S.E.2d 279, 299 (1978) ("[I]t is clear that the court's inherent power is not limited or bound by the technical precepts contained in the Code of Professional Responsibility as administered by the Bar.").

> Inherent power is that which the court necessarily possesses irrespective of constitutional provisions. Such power may not be abridged by the legislature. Inherent power is essential to the existence of the court and the orderly and efficient exercise of the administration of justice. Through its inherent power the court has authority to do all things that are reasonably necessary for the proper administration of justice.

*Beard v. N.C. State Bar*, 320 N.C. 126, 129, 357 S.E.2d 694, 696 (1987).

¶ 22        Here, while it is apparent that the trial court did rely on Rule 3.7 in part for the basis of disqualifying Fine from representing both himself and Marshall Grant, it is also clear this was not the sole basis for disqualifying Fine. In fact, the trial court's Findings reflect the trial court's concern was not merely that Fine may likely be a necessary witness, but rather that Fine would likely be *the key witness* with unique knowledge upon which both his and Marshall Grant's liability may hinge. Further, the trial court's Findings reflect concern about Fine's ability to operate and advocate objectively in this tripartite role of litigant, lawyer, and key witness as

illustrated by Fine's behavior and demeanor in this case including Fine's own acknowledgment: "he was angry about being sued by Plaintiff and therefore his filed motions may reflect his emotional feelings . . . ."

¶ 23        Moreover, the trial court's Findings also demonstrate the trial court's additional concern about the interwoven relationships at the heart of this case including the attorney-client relationship between Fine and Plaintiff, Fine's relationship with Marshall Grant, and Marshall Grant's role in collecting substantial fees from Plaintiff for legal work while Fine was unlicensed. Finally, undergirding all of these concerns was the trial court's recognition of Fine's history of wrongful conduct as found by the North Carolina State Bar including: making "misleading statements [to clients] regarding the services Fine could provide"; making "a false statement to a tribunal by holding out in case filings as an actively licensed attorney in North Carolina despite being suspend at the time"; and charging or collecting "an illegal or excessive fee in violation of Rule 1.5(a)." Indeed, the allegations against Fine in this case include allegations of the same or similar wrongful conduct in his representation of Plaintiff.

¶ 24        Given the litany of concerns reflected in the trial court's Order, we cannot conclude the trial court's exercise of its inherent authority to control proceedings— including control of the lawyers appearing before it—was arbitrary or unsupported by reason. Thus, the trial court did not abuse its discretion in disqualifying Fine from

appearing as an attorney for himself or Marshall Grant on the facts of this case. Therefore, the trial court did not err in entering its Order disqualifying Fine from appearing pro se and from representing Marshall Grant in this litigation. Consequently, we affirm the trial court's Order disqualifying Fine.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order.

AFFIRMED.

Judges ARROWOOD and CARPENTER concur.