IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-636

Filed 18 February 2026

Johnston County, No. 23CV005102-500

TERESA SLOAN-OUDEH, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a stock company with home Offices in Bloomington, Illinois, Defendant.

Appeal by Plaintiff from order entered 2 May 2025 by Judge Paul A. Holcombe, III, in Johnston County Superior Court. Heard in the Court of Appeals 20 November 2025.

*Brent Adams & Associates, by Brenton D. Adams, for Plaintiff-Appellant.*

*Butler Snow, LLP, by Scott Lewis and Diane Pappayliou, for Defendant-Appellee.*

GRIFFIN, Judge.

Plaintiff Teresa Sloan-Oudeh appeals from an order granting Defendant's motion to disqualify counsel and denying Plaintiff's motion to quash. Plaintiff argues there is a lack of evidence to support the motion to disqualify counsel and she will be irreparably harmed by the granting of this motion. For the following reasons, we affirm the trial court's order.

## I.   Factual and Procedural Background

On 28 June 2021, Plaintiff reported a claim to Defendant State Farm Fire and Casualty Company for water damage to her home in Benson, North Carolina. About three months later, Defendant fully denied Plaintiff's claim. Since Plaintiff and Defendant disagreed on the applicable scope of damage, the necessary repairs, and what damage was covered in the insurance policy, Plaintiff hired counsel, Brenton Adams, to assist with the claim. After sending Defendant his letter of representation, Adams became Defendant's point of contact.

From the beginning of 2022 to early 2023, Defendant negotiated the cost of a tear-in wall inspection with Adams. Ultimately, Defendant sent two insurance adjusters to Plaintiff's home to analyze the hole where Plaintiff had removed a portion of sheetrock, as requested by Defendant. The adjusters then determined that a sudden water leak indeed occurred at Plaintiff's home, but preexisting conditions contributed to the damage caused by the water leak and Plaintiff failed to mitigate the damage. Consequently, Defendant issued payments to Plaintiff strictly for the damage directly caused by the sudden water leak.

On 18 September 2023, Plaintiff filed a complaint by and through Adams. Plaintiff alleges Defendant breached its contract with Plaintiff, committed unfair and deceptive acts, acted in bad faith, and proceeded in such a manner as to give rise to punitive damages. Within her complaint, Plaintiff alleges Defendant ignored her claim, delayed its response, and more. Defendant filed its answer on 19 December 2023.

Plaintiff testified that she only had limited communication with Defendant after hiring Adams and that Adams was the one who coordinated the claim investigation with Defendant. Further, Plaintiff asserted Adams and Greg Bagley, Plaintiff's contractor, were the ones who primarily communicated with Defendant concerning the tear-in inspection.

After considerable discovery, on 6 December 2024, Defendant moved for summary judgment on all of Plaintiff's claims. A few weeks later, the trial court denied Defendant's summary judgment motion. Upon this denial, on 8 January 2025, Defendant informed Adams that Adams is likely a necessary witness for trial. Moreover, in March 2025, Defendant identified Adams as a witness it intended to call at trial.

On 11 March 2025, Defendant notified Adams it was going to move to disqualify him as Plaintiff's counsel. Defendant then issued a subpoena to Adams, requesting his appearance to testify at the trial. Four days later, Plaintiff filed a motion to quash the subpoena. On 27 March 2025, Defendant filed its motion to disqualify Adams as Plaintiff's attorney. On the scheduled trial date, Plaintiff filed her response to Defendant's motion.

The trial court granted Defendant's motion to disqualify Adams and denied Plaintiff's motion to quash. Plaintiff timely appeals.

## II. Analysis

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). A party is only entitled to appeal from an interlocutory order disqualifying her counsel when the order deprives the party of a substantial right which would be lost without review before a final determination. *Id.* at 726, 392 S.E.2d at 736. A party ordinarily has a fundamental right to select his or her attorney in a lawsuit. *Id.*

"'Decisions regarding whether to disqualify counsel are within the discretion of the trial judge and, absent an abuse of discretion, a trial judge's ruling on a motion to disqualify will not be disturbed on appeal.'" *Robinson & Lawing, L.L.P. v. Sams*, 161 N.C. App. 338, 339, 587 S.E.2d 923, 925 (2003) (citation omitted). Thus, a trial court's disqualification decision may only be reversed upon a showing that its decision was manifestly unsupported by reason or so arbitrary that it could not have been produced by reasoned decision. *Rosenthal Furs, Inc. v. Fine*, 282 N.C. App. 530, 536, 871 S.E.2d 153, 157 (2022) (citation omitted).

North Carolina Rules of Professional Conduct state, in Rule 3.7:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial

hardship on the client.

N.C. R. Prof. Conduct 3.7.

Here, while Plaintiff appeals from an interlocutory order, we review her appeal because her Plaintiff's counsel's disqualification deprives her of the right to choose her representation.

In granting the motion to disqualify Plaintiff's counsel and denying the motion to quash, the trial court determined Adams is likely to be a necessary witness. Plaintiff admits she lacks direct knowledge of much of the communications between State Farm and Adams. Moreover, Plaintiff testified Adams and Bagley were the two people privy to the communications about the tear-in wall inspection. Also, Plaintiff's complaint rests heavily on Adams' chief involvement in handling the claim. Therefore, we cannot say the trial court abused its discretion deciding to disqualify Adams because he is likely to be a necessary witness.

Rule 3.7's exceptions are not so apparent to show the trial court abused its discretion. First, Adams' anticipated testimony involves more than a year's worth of communication with Defendant, especially concerning details of the tear-in inspection. Plaintiff alleges Defendant continually ignored Plaintiff's claim and suspended its response. Such allegations could contribute to contested issues of bad faith, unfair and deceptive trade practices, and punitive damages. Further, Adams' testimony, which will concern negotiations and communications with Defendant

concerning the insurance claim, will not relate to the nature and value of legal services rendered in the case.

While the trial court disqualified Adams, it did not disqualify Adams' firm. In fact, other attorneys at Adams' firm have previously assisted Plaintiff in a deposition, mediation, and hearing in this case. Moreover, Defendant notified Adams multiple times over multiple months that he may be a necessary witness and that Defendant may call Adams as a witness. These notifications provided Adams with time to prepare in handing over the case to another attorney. In consideration of other attorneys familiar with this case and Adams' understanding of potentially being called as a witness, the trial court's decision that disqualification would not be a substantial hardship on the client was not so arbitrary that it could not have been produced by reasoned decision.

The trial court was within its reasoned discretion to grant the motion to disqualify Plaintiff's counsel.

## III. Conclusion

As the trial court did not abuse its discretion, we affirm its granting of the motion to disqualify and denying the motion to quash.

AFFIRMED.

Judges MURRY and FREEMAN concur.